UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
CEOLA WILLIAMS AND NICOLE CHAN,

               Plaintiffs,                           **Case No.: 20-CV-09871-AJN**

    - against –

GLOBAL SECURITY SOLUTIONS, INC, AND
NEIGHBORHOOD ASSOCIATION FOR INTER-
CULTURAL AFFAIRS, INC, A/K/A N.A.I.C.A.,
INC.,

               Defendants.
--------------------------------------------------------------X

## GLOBAL SECURITY SOLUTIONS, INC.'S ANSWER WITH COUNTER CLAIMS AND CROSSCLAIMS

DEFENDANT, GLOBAL SECURITY SOLUTIONS, INC. by and its attorneys, Law Office of Terrence J. Worms, P.C., as and for their Answer to the Plaintiffs' Complaint served upon DEFENDANT via US Mail through the Secretary of State for the State of New York, state upon information and belief as follows:

### NATURE OF THE CASE

1.      DEFENDANT denies the allegations contained in paragraph 1 of the Complaint.

2.      DEFENDANT denies the allegations contained in paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3.      DEFENDANT admits to the allegations contained in paragraph 3 of the Complaint.

4.      DEFENDANT admits to the allegations contained in paragraph 4 of the Complaint.

5.      DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint and leave Plaintiffs to their proofs.

6.      DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint and leave Plaintiffs to their proofs.

**PARTIES**

7.      DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint and leave Plaintiffs to their proofs.

8.      DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint and leave Plaintiffs to their proofs.

9.      DEFENDANT admits to the allegations contained in paragraph 9 of the Complaint.

10.      DEFENDANT admits to the allegations contained in paragraph 10 of the Complaint.

11.      DEFENDANT admits to the allegations contained in paragraph 11 of the Complaint.

12.      DEFENDANT admits to the allegations contained in paragraph 12 of the Complaint.

13.      DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint and leave Plaintiffs to their proofs.

14.      DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint and leave Plaintiffs to their proofs.

15.      DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint and leave Plaintiffs to their proofs.

16.      DEFENDANT denies the allegations contained in paragraph 16 of the Complaint.

17.      DEFENDANT admits GLOBAL SECURITY set Plaintiffs' schedules and paid Plaintiffs, DEFENDANT denies N.A.I.C.A. controlled Plaintiffs' work tasks, could discipline Plaintiffs or terminate them.

18.      DEFENDANT admits to the allegations contained in paragraph 18 of the Complaint.

**MATERIAL FACTS**

19.     DEFENDANT admits to the allegations contained in paragraph 19 of the Complaint.

20.     DEFENDANT admits to the allegations contained in paragraph 20 of the Complaint.

21.     DEFENDANT admits to the allegations contained in Paragraph 21 to the extent that WILLIAMS returned to work after a requested leave of absence but denies she was unlawfully terminated.

22.     DEFENDANT denies the allegations contained in paragraph 22 of the Complaint.

23.     DEFENDANT admits to the allegations contained in paragraph 23 of the Complaint.

24.     DEFENDANT admits to the allegations contained in paragraph 24 of the Complaint.

25.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint and leave Plaintiffs to their proofs as "Nelson", the individual alleged to have perpetrated these acts, was not in the employ of the Defendant nor did it have control or knowledge of his actions.

26.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint and leave Plaintiffs to their proofs.

27.     DEFENDANT denies the allegations contained in paragraph 27 of the Complaint.

28.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint and leave Plaintiffs to their proofs.

29.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint and leave Plaintiffs to their proofs.

30.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint and leave Plaintiffs to their proofs.

31.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint and leave Plaintiffs to their proofs.

32.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint and leave Plaintiffs to their proofs.

33.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint and leave Plaintiffs to their proofs.

34.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint and leave Plaintiffs to their proofs.

35.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint and leave Plaintiffs to their proofs.

36.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Complaint and leave Plaintiffs to their proofs.

37.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint and leave Plaintiffs to their proofs.

38.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Complaint and leave Plaintiffs to their proofs.

39.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 of the Complaint and leave Plaintiffs to their proofs.

40.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Complaint and leave Plaintiffs to their proofs.

41.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Complaint and leave Plaintiffs to their proofs.

42.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Complaint and leave Plaintiffs to their proofs.

43.     DEFENDANT denies the allegations contained in paragraph 43 of the Complaint.

44.     DEFENDANT denies the allegations contained in paragraph 44 of the Complaint.

45.     DEFENDANT denies the allegations contained in paragraph 45 of the Complaint.

46.     DEFENDANT denies the allegations contained in paragraph 46 of the Complaint.

47.     DEFENDANT denies the allegations contained in paragraph 47 of the Complaint.

48.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Complaint and leave Plaintiffs to their proofs.

49.     DEFENDANT denies the allegations contained in paragraph 49 of the Complaint.

50.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Complaint and leave Plaintiffs to their proofs.

51.     DEFENDANT denies the allegations contained in paragraph 51 of the Complaint.

52.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the Complaint and leave Plaintiffs to their proofs.

53.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of the Complaint and leave Plaintiffs to their proofs.

54.     DEFENDANT denies the allegations contained in paragraph 54 of the Complaint.

55.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 54 of the Complaint and leave Plaintiffs to their proofs.

56.     DEFENDANT denies the allegations contained in paragraph 56 of the Complaint.

57.     DEFENDANT denies the allegations contained in paragraph 57 of the Complaint.

58.     DEFENDANT denies the allegations contained in paragraph 58 of the Complaint.

59.     DEFENDANT admits to the allegations contained in paragraph 59 to the extent that he apologized to the Plaintiffs given the statements made regarding "Nelson" and that they had to endure any type of harassment or inappropriate contact, but not acknowledging or apologizing for having been in any way responsible for what occurred and any implications made by Plaintiffs that there that the apology was and admission of wrongdoing is denied and that there

was a promise made by DEFENDANT that "Nelson" would be terminated as he is not in the employ of DEFENDANT.

60.     DEFENDANT denies the allegations contained in paragraph 60 of the Complaint.

61.     DEFENDANT denies the allegations contained in paragraph 61 of the Complaint.

62.     DEFENDANT denies the allegations contained in paragraph 62 of the Complaint.

63.     DEFENDANT denies the allegations contained in paragraph 63 of the Complaint.

64.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the Complaint and leave Plaintiffs to their proofs.

65.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 65 of the Complaint and leave Plaintiffs to their proofs.

66.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 66 of the Complaint and leave Plaintiffs to their proofs.

67.     DEFENDANT admits the allegations contained in paragraph 67 of the Complaint.

68.     DEFENDANTS denies the allegations contained in paragraph 68 of the Complaint.

69.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 69 of the Complaint and leave Plaintiffs to their proofs.

70.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 70 of the Complaint and leave Plaintiffs to their proofs.

71.     DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 71 of the Complaint and leave Plaintiffs to their proofs.

72.     DEFENDANT denies the allegations contained in paragraph 72 of the Complaint.

73.     DEFENDANT denies the allegations contained in paragraph 73 of the Complaint.

74.     DEFENDANT denies the allegations contained in paragraph 74 of the Complaint.

75.     DEFENDANT denies the allegations contained in paragraph 75 of the Complaint.

76.     DEFENDANT denies the allegations contained in paragraph 76 of the Complaint.

77.     DEFENDANT denies the allegations contained in paragraph 77 of the Complaint.

78.     DEFENDANT denies the allegations contained in paragraph 78 of the Complaint.

79.     DEFENDANT denies the allegations contained in paragraph 79 of the Complaint.

80.     DEFENDANT denies the allegations contained in paragraph 80 of the Complaint.

81.     DEFENDANT denies the allegations contained in paragraph 81 of the Complaint.

82.     DEFENDANT denies the allegations contained in paragraph 82 of the Complaint.

83.     DEFENDANT denies the allegations contained in paragraph 83 of the Complaint.

84.     DEFENDANT denies the allegations contained in paragraph 84 of the Complaint.

85.     DEFENDANT denies the allegations contained in paragraph 85 of the Complaint.

86.     DEFENDANT denies the allegations contained in paragraph 86 of the Complaint.

## FIRST CAUSE OF ACTION

87.     DEFENDANT repeats and re-allege their responses and denials to paragraphs 1 to 86 above, as if fully set forth herein in response to paragraph 87.

88.     DEFENDANT denies the allegations contained in paragraph 88 of the Complaint.

89.     DEFENDANT denies the allegations contained in paragraph 89 of the Complaint.

90.     DEFENDANT denies the allegations contained in paragraph 90 of the Complaint.

## SECOND CAUSE OF ACTION

91.     DEFENDANT repeats and re-allege their responses and denials to paragraphs 1 to 90 above, as if fully set forth herein in response to paragraph 91.

92.     Defendants neither admit nor deny the allegations set forth in Paragraph 92 of the Complaint because they set forth conclusions of law to which to response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

93.     DEFENDANT denies the allegations contained in paragraph 93 of the Complaint.

### THIRD CAUSE OF ACTION

94.     DEFENDANT repeats and re-allege their responses and denials to paragraphs 1 to 93 above, as if fully set forth herein in response to paragraph 94.

95.     Defendants neither admit nor deny the allegations set forth in Paragraph 95 of the Complaint because they set forth conclusions of law to which to response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

96.     DEFENDANT denies the allegations contained in paragraph 96 of the Complaint.

### FOURTH CAUSE OF ACTION

97.     DEFENDANT repeats and re-allege their responses and denials to paragraphs 1 to 96 above, as if fully set forth herein in response to paragraph 97.

98.     Defendants neither admit nor deny the allegations set forth in Paragraph 98 of the Complaint because they set forth conclusions of law to which to response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

99.     DEFENDANT denies the allegations contained in paragraph 99 of the Complaint.

### FIFTH CAUSE OF ACTION

100.    DEFENDANT repeats and re-allege their responses and denials to paragraphs 1 to 99 above, as if fully set forth herein in response to paragraph 100.

101.    Defendants neither admit nor deny the allegations set forth in Paragraph 101 of the Complaint because they set forth conclusions of law to which to response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

102.    DEFENDANT denies the allegations contained in paragraph 102 of the Complaint.

### SIXTH CAUSE OF ACTION

103.    DEFENDANT repeats and re-allege their responses and denials to paragraphs 1 to 102 above, as if fully set forth herein in response to paragraph 103.

104.     Defendants neither admit nor deny the allegations set forth in Paragraph 104 of the Complaint because they set forth conclusions of law to which to response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

105.     DEFENDANT denies the allegations contained in paragraph 105 of the Complaint.

## AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

106.     N.A.I.C.A. was never plaintiff's employer or joint employer as they had no involvement in her hiring or the material terms of her employment.

107.     "Nelson" was N.A.I.C.A.'s employee and DEFENDANT had no involvement in his hiring or the material terms of his employment with N.A.I.C.A.  The discipline and removal of "Nelson" is within the exclusive dominion and control of N.A.I.C.A. and DEFENDANT cannot be held liable for their employee's actions.

## AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

108.     DEFENDANT had legitimate non-discriminatory reasons for take the actions complained by plaintiffs.

## AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

109.     DEFENDANT took reasonable steps to (a) prevent and promptly correct sexual harassment in the workplace; and (b) the plaintiff unreasonably failed to take advantage of DEFENDANT'S preventive or corrective action.

## AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

110.     Plaintiffs last instance of alleged discrimination occurred in excess of 300 days before their filing with EEOC.  *See* 42 U.S.C. §2000e-5(e)(1).  The last date alleged of conduct is May 27, 2019 making the deadline for their claim March 23, 2020.

## AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

111.    Plaintiff's Title VII claims are premature because DEFENDANT was not given timely notice of their EEOC charge and was thereby prejudiced and they have failed to exhaust their administrative remedies.

## AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

112.    Plaintiffs' claims are barred, in whole or in part, by plaintiffs' failure to take reasonable steps to mitigate her claims of damages, the existence of such damages being hereby denied.

## AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

113.    Plaintiffs' punitive damages claims are barred because DEFENDANT did not act with malice or reckless indifference.

## AS AND FOR THE EIEGTH AFFIRMATIVE DEFENSE

114.    Plaintiffs' entitlement to damages for lost wages, if any, is a question for the Court, not the Jury.

AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

115.    Plaintiffs failed to name a necessary party, "Nelson" to their claims and it is clear by their statements that he is the individual directly responsible for the specific acts of sexual harassment.

## COUNTERCLAIMS

## (Legal Fees)

116.    DEFENDANT seeks at the conclusion of this action to recover from plaintiffs full reimbursement of the legal fees and expenses incurred int eh defense of this baseless and frivolous litigation pursuant to 42 U.S.C. §2000e-5(k); N.Y. Exec. Law §297; and NYC Administrative Code §8-502(g).

# CROSSCLAIMS

## AS AND FOR THE FIRST CROSSCLAIMS

### (Common Law Indemnification)

117.    If plaintiff sustained any damages as alleged, and if DEFENDANT is held liable to the plaintiff for any portion of those damages, then such liability shall derive from the carelessness, recklessness, negligence or intentional acts, or commissions or omissions on the part of co-defendant N.A.I.C.A. and its employees without any carelessness, recklessness, negligence or intentional acts, or commissions or omissions on the part of DEFENDANT.

118.    Accordingly, DEFENDANT is entitled to common-law indemnification over and against co-defendant N.A.I.C.A. for the amount of any such award.

## AS AND FOR A SECOND CROSSCLAIM

### (Common Law Contribution)

119.    If plaintiff sustained damages as alleged through any carelessness, recklessness, negligence or intentional acts, or commissions or omissions other than of plaintiff's own making, then said damages were sustained in whole or in part and by reason of the carelessness, recklessness, negligence or intentional acts, or commissions or omissions on the part of co-defendant N.A.I.C.A.

120.    Accordingly, if any judgment is recovered herein against DEFENDANT, then it would be damaged thereby and would be entitled to contribution on the basis of apportionment of responsibility for the alleged occurrence and entitled to judgment over and against co-defendant N.A.I.C.A. for all or part of any verdict or part of any verdict or judgment that plaintiff may recover against air DEFENDANT.

**WHEREFORE**, the Defendant, GLOBAL SECURITY SYSTEMS, INC., respectfully requests that the Court enter an Order:

a) Dismissing the Complaint against Defendant with prejudice;

b) Awarding DEFENDANT the costs and disbursements of this action, including attorney's fees;

c) Judgment for DEFENDANT on its Crossclaims for indemnity or contribution against co-defendant N.A.I.C.A., in the event plaintiff prevails on any of her claims; and

d) Awarding Defendants such other and any further relief as the Court may deem just and proper.

Dated: Flushing, New York    **Law Office of Terrence J. Worms, P.C.**
   February 5, 2021    Attorneys for Defendant:
             ➢ *Global Security Solutions, Inc*

By _____

**Terrence J. Worms** (TW- 1303)
Law Office of Terrence J. Worms, PC
38-08 Union Street, Suite 12B
Flushing, New York   11354
(718) 358-8787
Fax: (646) 390-9275
E-Mail:  wormsesq@gmail.com

TO: FILED:  ECF System